# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br>　vs.<br><br>ARIF DURRANI,<br><br>　　　　　　　Defendant. | CASE NO. 05CR1746-LAB<br><br>[Ninth Circuit Court of Appeals Case No. 08-50007]<br><br>**ORDER RESPONDING TO APPELLATE COMMISSIONER**<br><br>[Dkt No. 168] |

　　　　Following his jury trial conviction, judgment was entered against defendant Arif Durrani ("Durrani") on June 8, 2006. Durrani timely filed his Notice of Appeal from the judgment on June 9, 2006. By Discrepancy Order entered December 3, 2007, the undersigned District Judge rejected his Motion For New Trial on grounds the case was on appeal, depriving this court of jurisdiction to entertain the motion. Dkt No. 165 Durrani's 10-day limitations period for the filing of a Notice of Appeal of the Discrepancy Order began to run on December 4, 2007. *See* Rule 4(b)(1)(A)(i). On December 31, 2007, twenty-eight days later, Durrani filed a Notice of Appeal of the Discrepancy Order. *See* Dkt No. 166.

　　　　The Appellate Commissioner ("Commissioner") has remanded this matter to the District Court by Order entered March 11, 2008, for the limited purpose of giving Durrani an opportunity to show cause why he should be excused from the missed deadline, instructing the court "to provide appellant notice and an opportunity to request that the time for filing the notice of appeal" from the Discrepancy Order "be extended for a period not to exceed 30 calendar days from the expiration of the time

otherwise prescribed," citing FED. R. APP. P. ("Rule") 4(b)(4),[1] <u>United States v. Prairie Pharmacy, Inc.</u>, 921 F.2d 211, 212 (9th Cir. 1990), and <u>United States v. Stolarz</u>, 547 F.2d 108, 112 (9th Cir. 1976). The Commissioner requests the court "make this determination at its earliest convenience," presumably referring to findings with respect to Durrani's attempted showing of excusable neglect or good cause to relieve him from the untimeliness bar.

Durrani filed his Notice of Appeal within the maximum 30-day extension window following expiration of the 10-day normal course filing deadline permitted by Rule 4(b)(4), upon a proper showing. The court takes judicial notice of the contents of his Notice Of Appeal, where he represents the challenged Discrepancy Order was not mailed to him until December 14, 2007 (substantiating the postmark by an Exhibit copy of the envelope), and he did not actually receive the Order until December 20, 2007. The court assumes Durrani would make the same arguments in any Rule 4(b)(4) briefing. The court finds the belated communication of the Discrepancy Order constitutes good cause to grant an extension of the Notice Of Appeal deadline. Accordingly, **IT IS HEREBY ORDERED** his deadline to file a timely Notice Of Appeal is extended for 30 calendar days from the expiration of the Rule 4(b) normal course deadline. The court construes this result as discharging the Commissioner's remand Order. **IT IS FURTHER ORDERED**, as requested by the Commissioner, the Clerk of Court shall forward a copy of this Order to the Ninth Circuit and shall also serve the Order on Durrani at the address provided in the Commissioner's Order.

**IT IS SO ORDERED**.

DATED: March 13, 2008

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge

---

[1] Rule 4(b)(4) provides: "(4) Motion for Extension of Time. Upon a finding of excusable neglect or good cause, the district court may – before or after the time has expired, with or without motion and notice – extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b)."